# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br>**vs.**<br><br>**GARY ARTHUR DEMOTT,**<br><br>**Defendant.** | CASE NO: CR00-79-S-EJL<br>CV04-347-S-EJL<br>**MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter is Petitioner Gary DeMott's Expedited 28 U.S.C. § 2255 Motion to Vacate and Set Judgment Aside for Being Void and Otherwise with Notice of Judgment Vulnerability (Docket No. 294). The motion was filed on July 1, 2004. The Court ordered the United States to respond to the motion and allowed the Petitioner to file a reply. Without leave of the Court, the Petitioner also filed a Supplement to his § 2255 motion on September 17, 2004.

### Standard of Review

Pursuant to 28 U.S.C. § 2255, the Court recognizes that a response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." Furthermore, a hearing must be granted *unless* the movant's allegations, "when viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.), cert. denied, 470 U.S. 1058 (1985) (citations omitted); Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985). However, a district court may

summarily dismiss a Section 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief...." Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Court. Thus in order to withstand summary dismissal of his motion for relief under Section 2255, defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." United States v. Keller, 902 F.2d 1391, 1395 (9th Cir. 1990).  In the present case, the legal issues do not require an evidentiary hearing.

Timeliness Analysis

On December 6, 2000, Petitioner was convicted by a jury of one count of conspiracy to defraud the United States, seven counts of aiding and assisting in the filing of false tax returns and four counts of failure to file income tax returns.  Petitioner was sentenced by this Court on May 25, 2001 to 96 months imprisonment, 3 years supervised release and ordered to pay the costs of prosecution.  Petitioner filed a direct appeal.  The convictions and sentence were affirmed by the Ninth Circuit on January 28, 2003.  The Petitioner did not file a writ of certiorari.  In a document hand-dated June 24, 2004, the Petitioner prepared the Petition, however such was not received by the Court until July 1, 2004.

Pursuant to the amendment of 28 U.S.C. § 2255 in 1996 as part of the Anti-Terrorism and Effective Death Penalty Act, there is now a one (1) year limitation on the filing of a § 2255 motion. Section 2255 states in part:

> A 1-year period of limitations shall apply to a motion under this section.  The limitation period shall run from the latest of --
>    (1)    the date on which the judgment of conviction becomes final;
>    (2)    the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>    (3)    the date on which the right asserted was initially recognized by the Supreme

MEMORANDUM ORDER
05ORDERS\DEMOTT_2255.wpd

Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Equitable tolling of the statute of limitation is available only when "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997), cert. denied, 118 S. Ct. 899 (91998). See also Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)(equitable tolling is appropriate only "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim").  No extraordinary circumstances have been presented by Petitioner in the § 2255 motion, his reply brief or his supplement to his § 2255 motion.

In response to the § 2255 motion, the Government raised the argument the motion is time-barred.  Petitioner responded in his reply the motion must not be time barred as this Court in its Notice of Filing and Order Setting Briefing Schedule Regarding Motion Pursuant to 28 U.S.C. § 2255 ("Notice") (Docket No. 295) stated the motion is "within its jurisdiction."  The Petitioner misreads the Notice which merely indicates a § 2255 motion has been filed and the Court orders the Government to respond to such motion.  The Court made no determination of whether the matter was timely filed when it issued the Notice.

The Ninth Circuit has ruled in United States v. Garcia, 210 F.3d 1058 (9th Cir. 2000) that a petitioner who does not file for a writ of certiorari after his/her direct appeal, has one year from the date on which the time for filing a certiorari petition expired to file a timely § 2255 motion. This deadline calculation was confirmed by the Supreme Court in Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072 (2003) ("a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.").  Accordingly, since the Petitioner did not file a writ of certiorari, the Petitioner needed to file his § 2255 motion in this case within one year and 90 days of the date the appellate court issued its

MEMORANDUM ORDER
05ORDERS\DEMOTT_2255.wpd

decision on January 28, 2003 which would have been filed on or before April 27, 2004. Since the motion was not filed until July 1, 2004, the motion is not timely and must be summarily dismissed.

In making the determination the § 2255 motion was not timely filed, the Court acknowledges that Petitioner tried to file an earlier motion attacking his sentence. See Expedited Notice of Appeal to Review Sentence Imposed in Violation of Law (Docket No. 283). This Court determined it had no jurisdiction pursuant to the statutes cited by DeMott to consider the "expedited appeal" and forwarded the second appeal to the Ninth Circuit.[1] In the Order finding a lack of jurisdiction over the expedited appeal, this Court specifically noted DeMott's claims could not be raised pursuant to 28 U.S.C. § 1651 if they could otherwise be raised in a § 2255 motion (Docket No. 282). This Order was issued on February 18, 2004 and arguably served to put DeMott on notice that he needed to file a § 2255 motion to attack his conviction and sentence. DeMott choose to ignore this Order and wait until July 2004 to file his § 2255 motion.

Other Issues

To the extent Petitioner raises other legal issues in his § 2255 motion, such are also summarily denied.

DeMott has continually attacked the jurisdiction of this Court. These arguments have been rejected numerous times and the Court finds no reason to address the meritless jurisdiction argument that only the District of Columbia has jurisdiction over his indictment. Moreover, the Ninth Circuit has previously ruled in the direct appeal that this Court had jurisdiction pursuant to 18 U.S.C. § 3231. United States v. DeMott, 57 Fed. Appx. 743,744 (9th Cir. 2003)(unpublished decision).

---

[1]The second direct appeal was dismissed by the Ninth Circuit as being an untimely appeal since it was not filed within 10 days of the entry of judgment (Docket No. 286). This Court further disagrees with Petitioner that the Ninth Circuit's Order dismissing the second appeal equitably tolled or extended the statutory time to file his § 2255 motion. The Order merely stated the dismissal was without prejudice to appellant seeking § 2255 relief.

To the extent Petitioner's reply can be interpreted to raise an argument under <u>Blakely v.</u> <u>Washington</u>, 542 U.S. 296 (2004) and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) that they should be retroactively applied to his case, the argument is misplaced.  These arguments as well as any argument that the recent decision in <u>United States v. Booker</u>, ___U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) should be applied retroactively to cases on collateral review have all been rejected by the Ninth Circuit.

In <u>United States v. Cruz</u>, 423 F.3d 117 (9th Cir. 2005), the Ninth Circuit held the <u>Booker</u> decision is not retroactive to cases on collateral review.  This ruling is consistent with earlier rulings that the Supreme Court's decisions  in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) is not retroactive.  <u>See</u> <u>United States v. Sanchez-Cervantes</u>, 282 F.3d 664 (9th Cir. 2002).  It is further consistent with the rulings by the Ninth Circuit that <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) is not retroactive.  <u>See</u> <u>Cook v. United States</u>, 386 F. 3d 949 (9th Cir. 2004); <u>Schardt v. Payne</u>, 414 F.3d 1025 ((th Cir. 2005) (<u>Blakely</u> could not be applied retroactively on collateral review to decision that was final before <u>Blakely</u> was decided).  In the present case, the Petitioner's direct appeal was  final prior to the issuance of the <u>Blakely</u> decision in June of 2004.

DeMott argues the substantive statutes he was convicted of are civil statutes, not criminal statutes.  This argument has been rejected by the Ninth Circuit.  <u>United States v. Hays</u>, 190 F.3d 939, 946 (9th Cir. 1999); <u>United States v. Vroman</u>, 975 F.2d 669, 671 (9th Cir. 1992).

Finally, to the extent DeMott is attempting to raise issues he failed to raise at trial or in his direct appeal, he has failed to establish "cause and actual prejudice" for this Court to consider such arguments.  <u>United States v. Frady</u>, 456 U.S. 152, 167-68 (1982).  Therefore, such claims are procedurally barred and cannot be considered by this Court.

MEMORANDUM ORDER
05ORDERS\DEMOTT_2255.wpd

Order

Being fully advised in the premises, the Court hereby orders Petitioner Gary DeMott's Expedited 28 U.S.C. § 2255 Motion to Vacate and Set Judgment Aside for Being Void and Otherwise with Notice of Judgment Vulnerability (Docket No. 294) is DENIED and the Petition is DISMISSED IN ITS ENTIRETY.

DATED: **November 9, 2005**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER
05ORDERS\DEMOTT_2255.wpd